UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEWIS WILKINSON,

    Petitioner,

v.                                  CASE NO. 8:06-cv-1301-T-17TBM

JAMES McDONOUGH,

    Respondent.
_____/

## O R D E R

This case is before the Court on Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus. Petitioner challenges his 1983 conviction and sentence entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida.

### BACKGROUND

Petitioner pled nolo contendere to three counts of sexual battery pursuant to section 794.011.2, Florida Statutes (1983). He was sentenced on December 8, 1983 to a life imprisonment with a 25-year minimum mandatory sentence. See section 775.082.(1), Florida Statutes (1983). He did not file a direct appeal.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996. This law amended 28 U.S.C. § 2244 by adding the following new subsection:

        (d)(1) A 1-year period of limitation shall apply to an
application for a writ of habeas corpus by a person in

>custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>©) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (Supp. 1996).

This Court applies the statute to habeas corpus petitions filed after April 23, 1997. <u>Wilcox v. Florida Department of Corrections</u>, 158 F.3d 1209, 1211 (11th Cir. 1998). Since Petitioner signed his petition on January July 8, 2006, and filed his petition on July 13, 2006, the statute applies to his petition.

Petitioner's petition is time-barred under 28 U.S.C. § 2244(d) for the following reasons. The one-year limitations period began to run on April 24, 1996, when the

statute was enacted. Petitioner had until April 23, 1997, to file a timely federal petition for writ of habeas corpus. Petitioner did not file the present petition until 2006. Therefore, the petition is time-barred.  Petitioner has not demonstrated that he is entitled to equitable tolling.

Furthermore, the petition has no merit. In 2004, Petitioner filed a Rule 3.800(a) motion to correct his sentence.  The motion was denied by the state trial court. Petitioner appealed.  On November 19, 2004, the state district court of appeal affirmed the trial court stating:

> On December 8, 1983, Wilkinson pleaded nolo contendere to three counts of capital sexual battery on a child under the age of twelve. See § 794.011(2), Fla. Stat. (1983). He was sentenced pursuant to section 775.082(1), Florida Statutes (1983), which states the following:
>
>> A person who has been convicted of a capital felony shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole….
>
> Wilkinson now contends that his sentence is illegal because the oral pronouncement of the trial judge and the written judgment did not include any language alluding to his eligibility for parole. This allegation is meritless because the sentencing documents specifically indicated that he was to be imprisoned for a term of natural life and stated "pursuant to Florida Statute 775.082, the defendant shall serve a minimum mandatory of TWENTY-FIVE YEARS." (emphasis in original). The 1983 version of the statute referenced by the trial court clearly provides that he shall be eligible for parole after serving twenty-five years. Wilkinson's sentence was automatic-the court had no discretion. See Buford v. State, 403 So.2d 943, 954 (Fla.1981); Johnson v. State, 679 So.2d 9 (Fla. 4th DCA 1996).
>
> We note that in Duffy v. State, 874 So.2d 1242 (Fla. 2d DCA 2004), this court reversed and remanded the denial of a motion to correct illegal sentence and instructed the trial court, on remand, to specifically reflect the defendant's eligibility for parole upon completion of the twenty-five year minimum mandatory term. However, that case is distinguishable from the present case. Duffy was charged by information with one count of capital sexual battery occurring between October 2, 1993, and October 1, 1995. A jury found Duffy guilty as charged on April 24, 2001. The trial

> court sentenced him to life in prison without imposing the minimum mandatory twenty-five years with eligibility for parole, as required by section 775.082(1). In 1995, section 775.082 was amended to eliminate the possibility of parole for capital crimes that do not result in punishment by death. Ch. 95-294, § 4, Laws of Fla. (effective October 1, 1995). Under the rule of lenity, Duffy was entitled to be sentenced under the 1993 version of the statute because it was more lenient. Duffy v. State, 874 So.2d at 1243; see Cairl v. State, 833 So.2d 312 (Fla. 2d DCA 2003); Gilbert v. State, 680 So.2d 1132 (Fla. 3d DCA 1996). Unlike Duffy, Wilkinson was originally sentenced under the 1983 version of section 775.082(1). Therefore, Duffy is not controlling.
>
> We conclude that the trial court's reference to section 775.082(1) and the minimum mandatory of twenty-five years in the sentencing documents was sufficient to indicate that Wilkinson will be eligible for parole after serving twenty-five years' imprisonment.

Wilkinson v. State, 869 So. 2d 110 (Fla. 2d DCA 2004). Rehearing was denied November 19, 2004.

Accordingly, the Court orders:

1. That Petitioner's petition is dismissed, with prejudice. The Clerk is directed to enter judgment against Petitioner and to close this case.

2. That Petitioner's motion to proceed in forma pauperis (Doc. No. 2) is denied.

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529

U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 18, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Lewis Wilkinson